IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORY WEATHERALL (BOP Register No. 41701-177), | § § § § | |
| Movant, | § § | |
| V. | § § | No. 3:17-cv-1622-L-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Cory Weatherall, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts because "it plainly appears ... that [Weatherall] is not entitled to relief."

**Applicable Background**

In 2011, Weatherall pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b), 846, and he was sentenced to 84 months in prison to be followed by five years of supervised release. *See United States*

*v. Weatherall*, No. 3:10-cr-124-L (01) (N.D. Tex.), Dkt. No. 30. In 2015, the Court reduced Weatherall's prison sentence to 60 months. *See id.* at Dkt. No. 41 (granting Weatherall's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)). This is his first Section 2255 motion challenging that criminal judgment.

**Legal Standards and Analysis**

Weatherall claims that the Court erred when calculating his sentencing range because it applied a two-level enhancement for possession of a dangerous weapon during the offense under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) – a provision that he claims is void for vagueness in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563.

But Weatherall was not convicted of violating the Armed Career Criminal Act. Rather, he seeks to extend the reasoning of *Johnson* to challenge Section 2D1.1(b)(1) – which he claims borrows the definition of a "crime of violence" from U.S.S.G. § 4B1.2 – as void for vagueness. *See* Dkt. No 2 at 3 ("The ruling in [*Johnson*] applies to the identical residual clause in the career offender guideline, U.S.S.G. § 4B1.2, which i[s] incorporated by reference into U.S.S.G. § 2D1.1, and renders it unconstitutionally vague."). He is not entitled to relief for at least two reasons. First, Section 2D1.1(b)(1)

does not, as Weatherall asserts, borrow the definition of a crime of violence from Section 4B1.2. *See* U.S.S.G. § 2D1.1(b)(1) (stating that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). Second, even if Section 2D1.1(b)(1) did borrow that definition from Section 4B1.2, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). That is, even if Weatherall's sentence was enhanced under a section of the U.S.S.G. that incorporates by reference Section 4B1.2, he would still not be entitled to the relief he seeks. *See Woodson v. United States*, ___ F. App'x ___, ___, 2017 WL 2857011, *1 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act], and, thus, the residual clause in § 4B1.2(a)(2) is not subject to vagueness challenges.").

For these reasons, it "plainly appears" that Weatherall "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

**Recommendation**

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE